# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **WILLIAM PAUL BURCH,** *et al.*, § § | |
| **Plaintiffs,** § § | |
| v. § | Civil Action No. 4:18-cv-01015-O-BP |
| § | |
| **FREEDOM MORTGAGE** § | |
| **CORPORATION,** *et al.*, § § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This foreclosure-related case was automatically referred to the undersigned for pretrial management pursuant to Special Order 3 on December 31, 2018. (ECF No. 5). Before the Court is Freedom Mortgage Corporation's ("Freedom") Motion to Invoke the Bankruptcy Reference (ECF No. 43) filed on May 21, 2019. By Order dated May 22, 2019 (ECF No. 44), the Court ordered Plaintiff William Paul Burch ("Burch") to file any response to the Motion on or before June 3, 2019. Burch has not done so.

Because the case constitutes a core proceeding arising under title 11 or arising in a case under title 11, it should be referred to the appropriate bankruptcy judge in this district. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor withdraw the case from the undersigned and refer it to United States Bankruptcy Judge Mark X. Mullin pursuant to this Court's Miscellaneous Order No. 33.

### I. BACKGROUND

In 2006, Burch obtained a mortgage loan from Freedom on a property located at 203 Hemlock in Arlington, Texas ("the Hemlock Property"). (ECF No. 17 at 2). On December 1, 2008, he filed for Chapter 11 bankruptcy to prevent foreclosure on multiple properties that he owned, including the Hemlock Property. (*Id.*). *See also* Cause No. 08-45761-rfn11. Burch alleges that at

the time of his 2008 bankruptcy, "Chase Bank or Chase Properties (now JPMorgan Chase Bank[,] N.A.)" ("Chase") was the mortgagee on the loan. (*Id.* at 3). On December 9, 2009, the bankruptcy court approved a plan that allegedly voided the terms of the original mortgage loan. (*Id.*; *see also* ECF No. 43 at 1-2). The plan also set out new terms for the mortgage loan, which are disputed by the parties. (ECF No. 17 at 3). Also, in dispute is whether Chase or one of the other Defendants still has a valid lien on the Hemlock Property. (*Id.* at 4). The 2008 bankruptcy case was closed on September 11, 2012. (ECF No. 43 at 2).

On December 28, 2012, Burch filed for Chapter 13 bankruptcy. (*Id.*). *See* Cause No. 12-46959-mxm7. The case converted to Chapter 11 in 2013. (*Id.*). *See* Cause No. 12-46959-mxm7, ECF No. 100. Freedom, the mortgage servicer, filed a proof of claim concerning the Hemlock Property. (ECF No. 43 at 2). On February 1, 2016, the bankruptcy court entered an order confirming Burch's plan of reorganization ("the Plan"). (*Id.*). The order states as follows:

> regarding the Class 9 Allowed Secured Claim of Seterus, Inc., as the Authorized Subservicer for . . . ('Fannie Mae'), Creditor c/o Seterus, Inc[.], on the Effective Date . . . (the 'Hemlock Property') shall be surrendered to the holder of the Allowed Class 9 Claim and the claim shall be deemed paid in full. Upon the Effective Date[,] the automatic stay shall lift without further order of this Court to allow the Class 9 claimant, or its assigns or successors in interest, to take . . . all steps necessary to exercise any and all rights it may have in the Hemlock Property . . . .

(ECF No. 43-2 at 10).

The order further provided "that the [bankruptcy court] shall retain jurisdiction to the maximum extent possible to enforce the Plan, interpret the Plan, and provide for all proceedings and matters for which jurisdiction is preserved by the Plan, and otherwise . . . ." (*Id.*).

The case then converted to Chapter 7 on January 30, 2018. *See* Cause No. 12-46959-mxm7, ECF No. 354. In August 2018, the bankruptcy court entered an order allowing the trustee to abandon the Hemlock Property based on the trustee's assertion that offers received for its sale were insufficient to pay the outstanding principal balance of the mortgage and closing costs. *Id.* at ECF

No. 466. The bankruptcy court's order also stated that it retained jurisdiction to hear and determine all matters "arising from or related to the implementation, interpretation and/or enforcement of this Order." *Id.* at ECF No. 514. Burch's bankruptcy case, originally filed in 2012, is still open. (ECF No. 43 at 3). Freedom now moves the Court to refer the case to Judge Mullin, presiding judge in Cause No. 12-46959-mxm7. (*Id.* at 6). Freedom has informed the Court that its Co-Defendants do not oppose the Motion. (*Id.* at 9).

## II. LEGAL STANDARD

Under 28 U.S.C. § 157(a), "each district court may provide that proceedings arising under title 11 as core proceedings or arising in or related to a case under title 11, shall be referred to the bankruptcy judges for the district." The Fifth Circuit has held that a proceeding is "core" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). The district court may also refer a case to the bankruptcy judge if the case is related to a bankruptcy case. *In re Wood*, 825 F.2d at 93. A case is "related" to a bankruptcy proceeding if "the outcome of [the non-bankruptcy] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

A court should refer a case to the bankruptcy court if two conditions are met: (1) the court normally would refer the case to the bankruptcy court under Miscellaneous Order No. 33 for the Northern District of Texas; and (2) the court would be unlikely to withdraw the reference under 28 U.S.C. § 157(d). *Texas United Hous. Program, Inc. v. Wolverine Mortg. Partner Ret.*, No. 3:17-CV-977-L, 2017 WL 3822754, at *3 (N.D. Tex. July 18, 2017). A court may permissively withdraw the reference from the bankruptcy court for cause shown. 28. U.S.C. § 157(d). Withdrawal to the district court is mandatory, however, if on a timely motion by a party the court

3

determines "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

## III. ANALYSIS

### A. Burch's Case Normally would be Referred to the Bankruptcy Court.

Miscellaneous Order No. 33 provides that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law." Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984). "[I]t is necessary only to determine whether a matter is at least 'related to' the bankruptcy" proceeding to determine if it should be normally referred. *In re U.S. Brass Corp.*, 301 F.3d 296, 303–04 (5th Cir. 2002) (quoting *In re Wood*, 825 F.2d at 93).

In his Amended Complaint (ECF No. 17), Burch challenges the validity of Chase's or one of the other Defendant's lien on the Hemlock Property based upon what he refers to as an "old, voided Mortgage Note." (*Id.* at 4, 7-8). Specifically, Burch alleges that his 2009 bankruptcy plan included the following clause:

> . . . Chase Bank . . . is the mortgage holder on the following properties at 203 Hemlock, Arlington, Texas . . . . Based upon the Debtors' current value of the Hemlock property, the Debtors will enter a New Hemlock Note in the original principal amount of $84,950 ("New Hemlock Note"). The New Hemlock Note shall bear interest at the rate of 5.25% per annum. The Debtors shall pay the New Hemlock Note in 360 equal monthly payments of $469.65 commencing on the Effective Date.

(*Id.* at 3-4). He alleges further that:

> (THE OLD NOTE'S ARE INVALIDE [sic], IF THERE IS NO REPLACEMENT NOTE THEN THE PROPERTY GOES TO THE DEBTOR. THESE CHANGES AND AGREEMENTS WERE MADE BY THE MORTGAGE COMPANIES AND ACCEPTED BY ALL CREDITORS. THESE WERE NOT IMPOSED ON THE PROPERTY BY THE COURT WITHOUT THE CONSENT OF THE MORTGAGE COMPANIES.).

(*Id.*).

Burch claims that Chase and the other Defendants in privity with it should not have attempted to collect payments under the "old, invalid mortgage note" and in doing so, violated the terms of the "New Hemlock Note," the 2009 bankruptcy plan, statutory law, and the Texas Deceptive Trade Practices Act. (*Id.* at 3-4, 7-10). Burch aserts that neither Chase nor the other Defendants have a valid deed of trust or other lien on the Hemlock Property, and that no mortgage payments are due. (*Id.* at 11).

Freedom argues that Burch's challenge to the validity of the lien on the Hemlock Property constitutes a "core proceeding" pursuant to 28 U.S.C. § 157(a). (ECF No. 43 at 5). Accordingly, Freedom moves that the case be referred to Judge Mullin, presiding judge in Cause No. 12-46959-mxm7. (*Id.* at 6).

Because Burch is a *pro se* litigant, the Court must liberally construe his pleadings. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). The undersigned finds that Burch's suit challenges the validity of one or more of the Defendant's liens on the Hemlock Property. Such challenge constitutes a "core proceeding" "arising in or related to a case under Title 11" because it requires a "determination[] of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). The case complies with Miscellaneous Order No. 33 because it is "at least 'related to' the bankruptcy proceeding" pending before Judge Mullin. Therefore, the case should be "referred to [Judge Mullin] of this district for consideration and resolution consistent with law." Misc. Order No. 33.

**B.     The District Court is Unlikely to Withdraw the Reference**.

   **1.  Mandatory Withdrawal is Inapplicable**.

A "district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Assuming either party timely files a motion to withdraw the reference, the

5

question then turns on whether Burch's claims concern "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Consistent with the majority view in the Fifth Circuit, "consideration" as used in 28 U.S.C. § 157(d) means "substantial and material consideration." *Texas United*, 2017 WL 3822754 at *7 (citing *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347 (S.D. Tex. 2009) (collecting cases)). To determine whether consideration is "substantial and material," a "court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Id.* at 348.

Burch asserts additional claims in his Amended Complaint for statutory fraud, violations of the Texas Deceptive Trade Practices Act, and the creation of a fraudulent lien. (ECF No. 17 at 4-15). After reviewing Burch's Amended Complaint, the undersigned has not identified any unsettled questions of law presented by his claims. Indeed, Chase's Motion to Dismiss (ECF No. 10) and Motion to Dismiss Burch's Amended Complaint (ECF No. 26); Loan Care Service Center's Motion to Dismiss Burch's Amended Complaint (ECF No. 22); Fannie Mae's and Seterus, Inc.'s Motion to Dismiss Burch's Amended Complaint (ECF No. 30); Freedom's Motion (ECF No. 43); and associated briefing (ECF Nos. 21, 35-40, 42) indicate that the application of well-settled law should resolve Burch's claims. Accordingly, mandatory withdrawal is inapplicable.

   2. **Permissive Withdrawal is Inapplicable**.

The court in *United States v. Miller* held that Miscellaneous Order No. 33 "does not preclude a district court from exercising its jurisdiction." No. CIV. A. 5:02-CV-0168-C, 2003 WL 23109906, at *4 (N.D. Tex. Dec. 22, 2003). As 28 U.S.C. § 157(d) provides, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred . . . for cause shown." The Fifth Circuit has determined that the district court should not withdraw reference to the bankruptcy court of a core proceeding unless its withdrawal was based on a "sound, articulated foundation." *Holland*

*Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). In *Miller*, Judge Cummings summarized the factors mentioned by the Fifth Circuit in *Holland America* in determining whether the withdrawal is based on an adequate foundation as follows:

> (1) whether or not the proceedings were 'core' proceedings; (2) the effect of the withdrawal on judicial efficiency; (3) uniformity in bankruptcy administration; (4) reduction in forum shopping; (5) fostering the economical use of the debtors' and creditors' resources; (6) expediting of the bankruptcy process; and (7) whether or not there is a jury demand.

2003 WL 23109906 at *4.

Like the situation in *Miller*, an order confirming the bankruptcy plan in Burch's 2012 bankruptcy case was entered. Although Burch demanded a jury in the case, the remaining factors described in *Holland America* weigh in favor of referring this matter to the bankruptcy court. First, Burch's claims appear to constitute core proceedings. Core proceedings include, among others, "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)K). Burch's challenge to the validity of liens of one or more of the Defendants and the propriety of any potential foreclosure constitute "determinations of the validity, extent, or priority of liens." *Id.*

Second, none of the other *Holland America* factors weigh toward withdrawing the reference. Judicial efficiency is promoted because the bankruptcy court is in a better position to efficiently decide the case as Judge Mullin already confirmed a bankruptcy plan and Burch's assets are currently pending in his bankruptcy case. Further, consolidating Burch's claims with his 2012 bankruptcy case will streamline administration of both cases "by bringing all matters related to the debtor and his assets into a single forum." *See Eggers v. TVZ Records, LLC, et al.*, No. A-08-CA-668-SS, 2010 WL 11506652, at *2 (W.D. Tex. Jan. 22, 2010). Accordingly, neither party is likely to establish cause for permissive withdrawal.

Therefore, the case should be referred to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, as a case related to *In re Burch*, No. 12-46959-mxm7 (Bankr. N.D. Tex.).

## RECOMMENDATION

Although this Court has jurisdiction over bankruptcy cases, Burch's claims in the case should be heard in the bankruptcy court. The undersigned therefore **RECOMMENDS** that United States District Judge Reed O'Connor withdraw his reference of the case to the undersigned and refer it to the Honorable Mark X. Mullin, presiding judge in Cause No. 12-46959-mxm7, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed **July 2**, **2019**.

                                                        _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE